## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Respondent,

v.

CLEMENS MARK SHANGIN,

Appellant.

DIVISION ONE

No. 82825-8-I

UNPUBLISHED OPINION

DWYER, J. — Clemens Shangin appeals from the judgment and sentence entered by the superior court. According to Shangin, the superior court erred by failing to clarify in the judgment that the legal financial obligations (LFOs) that were imposed by the court could not be satisfied through the application of Social Security benefits. Because Shangin does not establish an entitlement to relief on this claim, we affirm.

I

On April 1, 2021, a jury found Clemens Shangin guilty of one count of indecent liberties and, by special verdict, found that the victim was a member of the same family or household. On June 23, Shangin was sentenced to 24 months of incarceration. The superior court waived all court costs except for a $500 victim penalty assessment and a $100 DNA fee. The judgment entered by the superior court contained the following provision:

**5.3    NOTICE OF INCOME-WITHOLDING ACTION.**  If the court has not ordered an immediate notice of payroll deduction in paragraph 4.1, you are notified that the Department of Corrections or the clerk of the court may issue a notice of payroll deduction without notice to you if you are more than 30 days past due in monthly payments in an amount equal to or greater than the amount payable for one month.  RCW 9.94A.7602.  Other income-withholding action under RCW 9.94A may be taken without further notice.  RCW 9.94A.7606.

The judgment did not contain any language with regard to whether the LFOs imposed by the superior court could be satisfied through application of Social Security benefits.

Shangin appeals.

II

We begin by clarifying our scope of review.  "The general rule is that appellate courts will not consider issues raised for the first time on appeal."  State v. Kirkman, 159 Wn.2d 918, 926, 155 P.3d 125 (2007) (citing RAP 2.5(a)).  "However, a claim of error may be raised for the first time on appeal if it is a manifest error affecting a constitutional right."  Kirkman, 159 Wn.2d at 926 (citing RAP 2.5(a)(3)).  "Pursuant to RAP 2.5(a)(3), to raise an error for the first time on appeal, the error must be 'manifest' and truly of constitutional dimension."  Kirkman, 159 Wn.2d at 926.  Put differently, "[t]he defendant must identify a constitutional error and show how the alleged error actually affected the defendant's rights at trial.  It is this showing of actual prejudice that makes the error 'manifest,' allowing appellate review."  Kirkman, 159 Wn.2d at 926-27.  "If the facts necessary to adjudicate the claimed error are not in the record on

appeal, no actual prejudice is shown and the error is not manifest." State v. McFarland, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995).

III

Turning to the challenge on appeal, Shangin contends that the judgment entered by the superior court erroneously failed to provide that the LFOs imposed by the court could not be satisfied through application of Social Security benefits. We disagree.

Pursuant to 42 U.S.C. § 407(a), LFOs may not be satisfied through application of Social Security benefits. State v. Dillon, 12 Wn. App. 2d 133, 153, 456 P.3d 1199 (2020) (citing State v. Catling, 193 Wn.2d 252, 438 P.3d 1174 (2019)), review denied, 195 Wn.2d 1022 (2020). However, for several reasons, Shangin is not entitled to appellate relief on his claim of error.

First, Shangin did not raise this issue in the superior court. Therefore, the issue is not preserved on appeal. See Kirkman, 159 Wn.2d at 926.

Second, the claimed error is not a manifest error affecting a constitutional right. See RAP 2.5(a)(3). Indeed, the claimed error is not of a constitutional dimension because the prohibition against LFOs being satisfied through Social Security benefits is derived from a federal statute. See 42 U.S.C. § 407(a). Furthermore, the claimed error is not manifest because there is no indication in the record that Shangin receives Social Security benefits. See McFarland, 127 Wn.2d at 333. As such, Shangin fails to show that he was actually prejudiced by the absence of any language in the sentence providing that the LFOs imposed by

3

the superior court could not be satisfied through Social Security benefits. See Kirkman, 159 Wn.2d at 926-27.

Finally, because the record contains no evidence that Shangin receives Social Security benefits, the judgment was not required to state that the LFOs could not be satisfied through application of Social Security benefits. In Dillon, we remanded the cause to the trial court "to amend the judgment and sentence to indicate that the $500 victim assessment fee may not be satisfied out of any funds subject to 42 U.S.C. § 407(a)." 12 Wn. App. 2d at 153. We did so because the record therein indicated that "Dillon's sole source of income [was] his Social Security disability funds." Dillon, 12 Wn. App. 2d at 153. Likewise, in Catling, our Supreme Court remanded the cause "to the trial court to revise the judgment and sentence and repayment order . . . to indicate that [an] LFO may not be satisfied out of any funds subject to . . . 42 U.S.C. § 407(a)." 193 Wn.2d at 266. However, during the sentencing hearing in that case, "Catling's attorney argued that . . . Catling's sole source of income was Social Security disability benefits." Catling, 193 Wn.2d at 255. Contrary to the records in the cited cases, the record herein does not contain any evidence that Shangin receives Social Security benefits.

Accordingly, Shangin's assignment of error fails.[1]

---

[1] Shangin also filed a statement of additional grounds. In this filing, Shangin does not provide any citations to the record, cite to any authority, or request any relief. Therefore, he has not established an entitlement to relief. See RAP 10.10(c).

Affirmed.

_Dwyer, J._

WE CONCUR:

_Mann, C.J._          _Verellen, J._